**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

SHEYLA DEARCIA,

      Plaintiff,

v.                            CASE NO.:  2:24-cv-03484-RMG

BARATTI BARJESH and
MAJHA BLOCK XPRESS,

      Defendants.

_____/

## **COMPLAINT**

      Plaintiff, Sheyla Dearcia, by and through her undersigned attorneys, complains of Defendants and alleges as follows:

### **Parties, Venue, and Jurisdiction**

      1.      Plaintiff Sheyla Dearcia ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is a resident and citizen of Collier County, State of Florida.

      2.      Defendant Baratti Barjesh ("Defendant Barjesh") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries. Upon information and belief, Defendant Barjesh is a citizen and resident of Mississauga Ontario, Canada.

      3.      Upon information and belief, Defendant Majha Block Xpress, ("Defendant Xpress") is a corporation with its principal place of business in Alberta, Canada.

      4.      At all times relevant to this action, Defendant Barjesh was an agent, servant, and/or employee of Defendant Xpress, individually or jointly.

5.      At all times relevant to this Complaint, Defendant Xpress' agents, servants, and/or employees were acting in the course and scope of their employment with Defendants.

6.      This Division is proper because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place in Colleton County, as further shown below.

7.      This Court has personal jurisdiction over the Defendants because Defendant Xpress was, at the time this cause of action arose, doing business in South Carolina through its agent Defendant Barjesh, and this cause of action relates to and arises out of Defendant Xpress's contacts with South Carolina, as further shown below.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of Florida while Defendants are both citizens and residents of Canada such that there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

### COUNT I
(Negligence *per se* as to Defendant Barjesh)

9.      Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

10.      On or about November 26, 2023, Defendant Barjesh was driving a commercial vehicle (VIN 1M1AN4GY8KM001630) southbound on Interstate 95 in Walterboro, South Carolina.

11.      Defendant Barjesh owed Plaintiff statutory duties to operate his vehicle in a reasonable and safe manner so as to not cause injury to Plaintiff.

12.      Defendant Barjesh failed to exercise due care to avoid crashing into Plaintiff.

13.     Defendant Barjesh breached his duty to Plaintiff by failing to change lanes properly and by failing to exercise due care to avoid crashing into the vehicle in which Plaintiff was an occupant.

14.     Defendant Barjesh's violation of his statutory duties constitutes negligence *per se*.

15.     Defendant Barjesh's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

16.     Defendant Barjesh's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

    a.   Significant past and future medical expenses;
    b.   Lost income and reduced earning capacity;
    c.   Emotional distress and anxiety;
    d.   Mental anguish;
    e.   Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
    f.   Other damages as will be shown in the discovery and trial of this case.

17.     Because Plaintiff was injured as a direct result of Defendant Barjesh's violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for her personal injuries and property damage in the amount the jury determines at the trial of this case.

18.     Defendant Barjesh's statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Barjesh for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Barjesh violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## COUNT II

(Negligence as to Defendant Barjesh)

19.    Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

20.    Defendant Barjesh owed Plaintiff a common-law duty to do the following:

   a.  Keep a proper lookout;
   b.  Maintain appropriate attention on the road while driving;
   c.  Maintain his vehicle in a roadworthy manner;
   d.  Yield the right of way to Plaintiff;
   e.  Apply his brakes so as to timely stop his vehicle;
   f.  Operate his vehicle in a safe manner and at a safe speed; and
   g.  Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

21.    Defendant Barjesh breached his duty to Plaintiff in the following ways:

   a.  Failing to keep a proper lookout;
   b.  Driving while distracted;
   c.  Failing to slow when traffic ahead of him was slowing and stopping;
   d.  Failing to apply his brakes and stop in a timely manner;
   e.  Crashing into Plaintiff instead of steering around or away from her;
   f.  Failing to yield the right of way to Plaintiff;
   g.  Operating his vehicle in an unsafe manner or at an unsafe speed, or
   h.  Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

22.    Defendant Barjesh's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

23.    Defendant Barjesh's negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff serious injuries, and Plaintiff's outstanding medical bills. As a direct result of Defendant Barjesh's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

   a.  Significant past and future medical expenses,

    b.  Lost income and reduced earning capacity,
    c.  Personal property damage,
    d.  Emotional distress and anxiety,
    e.  Mental anguish,
    f.  Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
    g.  Other damages as will be shown in the discovery and trial of this case.

24.    Because Plaintiff was injured as a direct result of Defendant Barjesh's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for her personal injuries and property damage in the amount the jury determines at the trial of this case.

25.    Defendant Barjesh's acts and omissions demonstrate such want of care as to show Defendant Barjesh was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Xpress and Defendant Barjesh should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Barjesh for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Barjesh violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

<u>**COUNT III**</u>

(Vicarious Liability as to Defendant Xpress)

31.    Plaintiff adopts, incorporates and realleges the allegations of the preceding paragraphs.

32.    At the time of the crash that is the subject of this lawsuit, Defendant Barjesh was acting in the scope of his employment on behalf of Defendant Xpress.

33.     Defendant Xpress, thus acting through its agent, servant, and employee Defendant Barjesh, is vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Barjesh as set forth in the first and second causes of action.

34.     Plaintiff asks this Court to enter judgment ordering Defendant Xpress to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT IV

(Negligent Hiring, Training, Supervision, and Retention as to Defendant Xpress)

35.     Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

36.     Defendant Xpress was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Barjesh to operate a vehicle on Defendant Xpress' behalf in one or more of the following ways:

    a.   Failing to review Defendant Barjesh's driving history;

    b.   Failing to assess Defendant Barjesh's driving skill;

    c.   Hiring Defendant Barjesh to drive on Defendant Xpress' behalf despite Defendant Barjesh's history of unsafe driving;

    d.   Failing to have policies and procedures to train or monitor Defendant Barjesh, or if such policies and procedures were in place, failing to enforce them;

    e.   Failing to ensure Defendant Barjesh had proper training and experience to operate a vehicle for Defendant Xpress in a safe and effective manner; and

    f.   Otherwise failing to investigate Defendant Barjesh's skill and history with a vehicle, train Defendant Barjesh in proper driving procedures, supervise Defendant Barjesh's driving, to release Defendant Barjesh from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37.    Based on Defendant Barjesh's unsafe driving history, Defendant Xpress knew or should have known that hiring, training, supervising, or retaining Defendant Barjesh posed a risk of foreseeable harm to third parties.

38.    Plaintiff asks this Court to enter judgment ordering Defendant Xpress to pay actual, consequential, and punitive damages to Plaintiff Dearcia, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award her actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines she is entitled to, and such other relief as this Court determines is just.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

**MORGAN & MORGAN P.A.**

/*s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
SC Bar No.: 106477
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:    (843) 947-6113
jbiggart@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

June 11, 2024
Charleston, South Carolina